IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TREVOR HARDAWAY,<br><br>     Plaintiff,<br><br>vs.<br><br>DEKALB COUNTY, JEFFREY L. MANN, SHERIFF, THOMAS E. BROWN, SHERIFF, DESHAY DIKCERSON, as a Deputy Sheriff with DeKalb County, in his official and individual capacities and CHARLES DIX, as a Deputy Sheriff with DeKalb County, in his official and individual capacities,<br><br>     Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-CV-2806-ELR |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants DeShay Dickerson ("Sgt. Dickerson") and Charles Dix ("Deputy Dix") (collectively referred to as "Defendants"), named defendants in the above-styled case[1], by and through their undersigned counsel, and file this Brief

---

[1] This Court dismissed all claims against Sheriff Thomas Brown, Sheriff Jeffrey Mann and DeKalb County in Orders entered on January 6, 2016 [Doc. 13] and January 14, 2016 [Doc. 15]. In the January 6, 2016 order, the Court also dismissed all claims Plaintiff had asserted against Defendants Dickerson and Dix in their official capacities. As such, the present motion addresses only the remaining claims, which are Plaintiff's individual capacity claims against Defendants Dickerson and Dix.

in Support of Defendants' Motion for Summary Judgment showing this Honorable Court as follows:

## INTRODUCTION

This case arises under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 as well as Georgia state law. Plaintiff filed this action against Defendants alleging causes of action for: (1) Fourth Amendment – 42 U.S.C. §1983 (Malicious Prosecution) (Count I); (2) Intentional Infliction of Emotional Distress ("IIED") (Count II); and (3) [Malicious] Prosecution O.C.G.A. §51-7-40 (State Law Claim).

Even when viewing the evidence of record in a light most favorable to the Plaintiff, Defendants still prevail. Specifically, on Plaintiff's §1983 claim for malicious prosecution against them in their individual capacities, Defendants are entitled to qualified immunity. Additionally, on Plaintiff's state law claims for IIED and malicious prosecution against them in their individual capacities, Defendants are entitled to official immunity.  Accordingly, summary judgment for the Defendants should be granted as a matter of law.

## STATEMENT OF FACTS

On New Year's Eve going into the year 2013, around 1:30 a.m., Sgt. Dickerson and Deputy Dix were at the QuikTrip (QT) Gas Station located at 3830

North Decatur Road in DeKalb County. **Affidavit of Sgt. Dickerson at ¶ 5; Affidavit of Deputy Dix at ¶ 6.** They both witnessed a male subject, later identified as Trevor Hardaway ("Mr. Hardaway"), choking a female subject, later identified as K.C., inside a vehicle parked at gas pump #12. **Dickerson Aff., ¶ 6; Dix Aff., ¶ 7.** Upon arriving at the vehicle, Mr. Hardaway had one arm around the head of K.C. and the other arm around her neck. **Dickerson Aff., ¶ 7; Dix Aff., ¶ 8.** The victim appeared to be unconscious. **Dix Aff. ¶ 9.**

    Deputy Dix attempted to get the attention of Mr. Hardaway by knocking on the driver's side window and asked for his identification. **Dickerson Aff., ¶ 8.** Mr. Hardaway began to get agitated and Defendants noticed blood coming from his mouth. **Dickerson Aff., ¶ 9; Dix Aff., ¶ 9.** Mr. Hardaway attempted to get out of the vehicle, but was instructed to provide his driver's license. **Dickerson Aff., ¶ 10; Dix Aff., ¶ 10.** Mr. Hardaway was eventually allowed to exit the vehicle and Defendants could both smell a strong odor of alcohol coming from his person. **Dickerson Aff., ¶ 11; Dix Aff., ¶ 11.** Mr. Hardaway began to approach Sgt. Dickerson while using vulgar and obscene language. **Dickerson Aff., ¶ 12; Dix Aff., ¶ 12.** Sgt. Dickerson asked Mr. Hardaway about three or four times to step back, but Mr. Hardaway refused. **Dickerson Aff., ¶ 13; Dix Aff., ¶ 13.**

Sgt. Dickerson attempted to place Mr. Hardaway in handcuffs but Mr. Hardaway snatched away. **Dickerson Aff., ¶ 14; Dix Aff., ¶ 14.** Deputy Dix grabbed Mr. Hardaway by his right shirt sleeve and Mr. Hardaway began pulling away from Sgt. Dickerson and Deputy Dix. **Dickerson Aff., ¶ 15; Dix Aff., ¶ 15.** Mr. Hardaway and Sgt. Dickerson fell to the ground and Mr. Hardaway was secured in handcuffs. **Dickerson Aff., ¶ 16**. Emergency Medical Services ("EMS") was dispatched to treat Mr. Hardaway for injury to his face and mouth, but he was combative and refused treatment. **Dickerson Aff., ¶ 17; Dix Aff., ¶ 17**. EMS cleared Mr. Hardaway to be transported to the DeKalb County Jail. **Dickerson Aff., ¶ 18; Dix Aff., ¶ 18.**

While waiting for EMS, a written statement was obtained from the victim, K.C., whom Sgt. Dickerson understood to be in a relationship with Mr. Hardaway. **Dickerson Aff., ¶ 19, Ex. A; Dix. Aff. ¶ 20.** Mr. Hardaway was arrested for: (1) Family Violence/Battery; (2) Obstruction of an Officer; and (3) Public [Drunkenness]. **Dickerson Aff., ¶ 20, Ex. B; Dix Aff., ¶ 21, Ex. A.** Sgt. Dickerson transported Mr. Hardaway in the back of his vehicle. **Dickerson Aff., ¶ 21.** Sgt. Dickerson ultimately obtained criminal arrest warrants from Magistrate Court for Family Violence/Battery, Obstruction of an Officer and Public [Drunkenness]. **Dickerson Aff., ¶ 22, Exhibits C, D, and E; Dix Aff., ¶ 22, Exhibits B, C and D.**

Mr. Hardaway was arrested with probable cause and without malicious intent. **Dickerson Aff., ¶ 23; Dix Aff., ¶ 23.**

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The movant is not required to negate its opponent's claim, but may discharge its burden merely by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 323, 325. When the movant's burden is met, the non-moving party must then "go beyond the pleadings" and offer evidence designating "specific facts showing there is a genuine issue for trial." *Id.* at 324. In rebutting a motion for summary judgment, the court is not required to simply accept Plaintiff's factual assertions,

but should do so "only if there is a genuine dispute to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## ARGUMENT AND CITATION OF AUTHORITY

I. **PLAINTIFF'S § 1983 MALICIOUS PROSECUTION (COUNT I) CLAIM AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES MUST BE DISMISSED BECAUSE THEY ARE ENTITLED TO QUALIFIED IMMUNITY.**

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002) .

To receive qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Id.* Here, it is clear that Defendants were acting within the course and scope of their discretionary authority when they charged and arrested Mr. Hardaway. "Once the defendant establishes that he was acting within his

6

discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Id.*

The Supreme Court has set forth a two-part test for the qualified immunity analysis. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730 (2002) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier,* 533 U.S. at 201. However, "[i]f a constitutional right would have been violated under the plaintiff's version of the facts, 'the next, sequential step is to ask whether the right was clearly established.'" *Vinyard,* 311 F.3d at 1346 (quoting *Saucier,* 533 U.S. at 201). In this case, to determine whether Defendants are entitled to qualified immunity, it is necessary to analyze whether Defendants violated Mr. Hardaway's constitutional rights.

"To establish a federal malicious prosecution claim under [42 USC] § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler,* 323 F.3d 872, 881 (11th Cir.2003). The common law elements of a malicious prosecution claim under Georgia law are: "(1)

7

a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." (Citations and footnote omitted.) *Id.* at 882; see also *Gooch v. Tudor,* 296 Ga. App. 414, 416 (2009).

But "malicious prosecution suits are not favored. It is public policy to encourage citizens to bring to justice those who are apparently guilty." *Gibbs v. Loomis, Fargo, & Co.,* 259 Ga. App. 170, 176 (2003). And in the context of a § 1983 claim, qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law. *Wood,* supra, 323 F.3d at 877.

In an action for malicious prosecution under § 1983, when an officer asserts qualified immunity, the issue is not whether reasonable suspicion existed in fact, but whether the officer had "arguable" reasonable suspicion to support an investigatory stop. *Jackson v. Sauls,* 206 F.3d 1156, 1165–66 (11th Cir.2000). Therefore, if the Defendants had "arguable reasonable suspicion" to detain and charge Mr. Hardaway,

8

they were acting in the lawful discharge of their duties when they arrested him for family violence/battery, obstruction and public drunkenness, and they are entitled to qualified immunity. *Id.*

In this case, Mr. Hardaway's §1983 malicious prosecution claim (Count I) is premised on the allegation that Defendants maintained a criminal prosecution against him with malice and without probable cause. Compl. ¶ 69. Specifically, Mr. Hardaway contends that the Defendants filed nine criminal charges against him and swore falsely to the Magistrate Court to secure nine (9) criminal warrants for Mr. Hardaway's arrest and prosecution. Compl. ¶ 72.

In fact, Sgt. Dickerson obtained only three (3) criminal arrest warrants for Mr. Hardaway for the following charges: (1) Family Violence – O.C.G.A. §16-5-23.1 - contending that Mr. Hardaway did intentionally cause visible bodily harm to K.C. by putting his arm around her head and neck, choking her until she almost passed out (**See Exhibit C to Dickerson Aff.; Exhibit B to Dix Aff.**); (2) Obstruction – O.C.G.A. § 16-10-24(a) - contending Mr. Hardaway did knowingly and willfully obstruct Sgt. Dickerson in the lawful discharge of his official duties by resisting arrest after Sgt. Dickerson told Mr. Hardaway to place his hands behind his back and snatched his arm away causing a physical altercation (**See Exhibit D to Dickerson Aff.; Exhibit C to Dix Aff.**); and (3) Public [Drunkenness] – O.C.G.A. § 16-11-41

9

- contending that Mr. Hardaway appeared to be in an intoxicated condition at a public place and that said condition was manifested by boisterous/indecent condition or act or vulgar, profane, loud or unbecoming language (**See Exhibit E to Dickerson Aff.; Exhibit D to Dix Aff.**).

In support of the facts explained in the criminal arrest warrants, both Sgt. Dickerson and Deputy Dix witnessed Mr. Hardaway choking the victim in the car. **Dickerson Aff., ¶ 6; Dix Aff., ¶ 7.** Once out of the car, both Sgt. Dickerson and Deputy Dix attempted to gain control of Mr. Hardaway and place him under arrest. Mr. Hardaway resisted and snatched away. **Dickerson Aff., ¶ 14; Dix Aff., ¶¶ 14-15.** Lastly, both Sgt. Dickerson and Deputy Dix smelled a strong smell of alcohol coming from Mr. Hardaway's person in a public place. **Dickerson Aff., ¶ 11; Dix Aff., ¶ 11.**

Mr. Hardaway will not be able to show that Defendants acted without probable cause in arresting him for the three (3) aforementioned charges, which is a required element of his §1983 malicious prosecution claim. As outlined above, Defendants had actual probable cause to arrest Mr. Hardaway for Family Violence/Battery, Obstruction and Public [Drunkenness] based on first-hand personal knowledge and their interaction with Mr. Hardaway. Additionally, because Mr. Hardaway will not be able to demonstrate a Fourth Amendment violation,

Defendants are entitled to qualified immunity on his §1983 malicious prosecution claim.

## II. PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES FAIL BECAUSE THE DEFENDANTS ARE ENTITLED TO OFFICIAL IMMUNITY.

Defendants are entitled to official immunity on Plaintiff's state law claims for IIED and [Malicious] Prosecution. Official immunity bars any claim against a public officer acting within the scope of lawful authority unless the public officer: (1) negligently performed a ministerial duty, or (2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty. See, Ga. Const. of 1983, Art. I, Sec. 2, Par. IX (d); *Teston v. Collins*, 217 Ga. App. 829 (1995). Thus, under the doctrine of official immunity a public official is liable for his negligent performance of a ministerial duty. *Cameron v. Lang*, 274 Ga. 122 (2001). The determination of whether an official function is "discretionary" or "ministerial" is a matter of law for the court. See, e.g., *Daley v. Clark*, 282 Ga. App. 235, 245 (2006). "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed."

*Gregory v. Cardenaz*, 198 Ga. App. 697, 697-698 (1991).  Thus, "[w]here a decision is left to the personal judgment of government officials, such decisions are properly characterized as discretionary." *Norris v. Emanuel County*, 254 Ga. App. 114, 118 (2002).

In this case, the evidence in the record clearly supports the conclusion that Defendants were acting within their discretionary function on the night in question. There is, however, no evidence in the record that Defendants acted with actual malice or an actual intent to cause injury to Plaintiff and thus, Plaintiff will not be able to meet his burden of showing actual malice. In fact, the only evidence in the record demonstrates that Plaintiff was not arrested with malicious intent, but rather Defendants had probable cause to arrest Plaintiff. Dickerson Aff., ¶ 23; Dix Aff., ¶ 23. As such, Defendants are entitled to official immunity and summary judgment is warranted as a matter of law.

## I.     *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

In the event this Court does not grant Defendants official immunity on Plaintiff's state law claims, Defendants still would be entitled to summary judgment on Plaintiff's IIED claim.  Under Georgia law, "[t]he burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one." *Metropolitan Atlanta Rapid Transit Auth. v. Mosley,* 280 Ga. App. 486, 490–491 (2006). The

plaintiff is required to prove that the defendant engaged in "outrageous conduct," and Georgia's definition of that term provides a high degree of tolerance for a wide variety of questionable conduct. "Significantly, the defendant's conduct 'must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kirkland v. Tamplin,* 285 Ga. App. 241, 245 (2007). To recover for intentional infliction of emotional distress, a plaintiff must show that the defendant acted intentionally or recklessly; that his conduct was extreme and outrageous; that the plaintiff suffered emotional distress as a result of the defendant's conduct; and that the emotional distress he experienced was severe. *Ghodrati v. Stearnes,* 314 Ga. App. 321, 323 (2012). At the summary judgment stage, a court must determine, as a matter of law, whether the available evidence would permit a jury to find both that the defendant's conduct rose to the level of outrageousness required to support an intentional infliction of emotional distress claim and whether the distress suffered by the plaintiff rose to the level of severity required to recover for such a claim. *Blockum v. Fieldale Farms Corp.,* 275 Ga. 798, 801 (2002). As noted above, plaintiffs bear a heavy burden with respect to both elements, but most especially "in establishing the type of extreme and outrageous conduct necessary to sustain a claim for intentional infliction of emotional distress." *Mears v. Gulfstream*

*Aerospace Corp.,* 225 Ga. App. 636, 640 (1997). A plaintiff meets this burden by coming forward with evidence which would allow "reasonable persons [to] find the presence of extreme and outrageous conduct," as defined under Georgia law, as well as severe emotional distress resulting from that conduct. *Yarbray v. Southern Bell Tel. & Telegraph Co.,* 261 Ga. 703, 706 (1991).

In this case, Plaintiff will not be able to show that when considering the facts and circumstances of January 1, 2013, Defendants acted intentionally and recklessly, Defendants' actions were extreme and outrageous, or Plaintiff suffered emotional distress that was severe. What the record shows is that Defendants personally witnessed Plaintiff committing crimes and with probable cause, placed him under arrest. As Plaintiff will not be able to meet his burden, this claim fails and summary judgment is warranted as a matter of law.

## II.     *MALICIOUS PROSECUTION.*

Even if the Court determines that the evidence viewed in the light most favorable to the Plaintiff shows that Defendants are not entitled to official immunity, the evidence clearly shows that Plaintiff cannot make out all the essential elements of his [malicious] prosecution claim.  To state a claim for malicious prosecution in Georgia, a plaintiff must show (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or

summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff. The requisite malice may be inferred from a total lack of probable cause. Thus, the gravamen of the complaint is the absence of probable cause on the part of the person instituting the prosecution. O.C.G.A. § 51-7-40; *see also Barnette v. Coastal Hematology etc.,* 294 Ga. App. 733, 735-736 (2008).

"The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show probable cause existed is a matter of fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court." *Melton v. LaCalmito*, 158 Ga. App. 820, 823 (1981). Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, that the person charged was guilty of the crime for which he was prosecuted. The belief must be supported by appearances known to the defendant at the time he initiates the prosecution, and the appearances must be such as to lead a reasonable man to set the criminal proceeding in motion. *Gooch v. Tudor,* 296 Ga. App. 414, 418-19 (2009).

Conversely, there is a lack of probable cause "when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." O.C.G.A. §51-7-3. It follows that "[n]o

probable cause exists if a defendant knew that the facts stated to the law enforcement official were false or if he failed to make a fair, full, and complete statement of the facts as they existed, or if he concealed facts. The defendant's belief then could not possibly be 'honest' or 'reasonable.'" *Horne v. J.H. Harvey Co.,* 274 Ga. App. 444, 448 (2005). "The burden of proof to show lack of probable cause is on the plaintiff and there is nothing to send to the jury if the plaintiff does not raise some evidence creating an issue of fact as to each element of the tort."

In this case, no reasonable trier of fact would determine that Defendants' conduct was solely motivated by their desire to injure the Plaintiff. In fact, Plaintiff has not and cannot point to even a scintilla of evidence that would tend to prove that Defendants had any personal animosity towards him. As previously stated, Defendants, in exercising their professional skill and judgment determined that there was probable cause to make the warrantless arrest of Plaintiff and did so based on the existence of facts and circumstances which led them to believe that Plaintiff was guilty of a crime. Again, both Sgt. Dickerson and Deputy Dix saw Mr. Hardaway choking the victim in the car. **Dickerson Aff., ¶ 6; Dix Aff., ¶ 7.** Once out of the car, both Sgt. Dickerson and Deputy Dix attempted to gain control of Mr. Hardaway and place him under arrest. Mr. Hardaway resisted and snatched away. **Dickerson Aff., ¶ 14; Dix Aff., ¶¶ 14-15.** Lastly, both Sgt. Dickerson and Deputy Dix smelled

a strong smell of alcohol coming from Mr. Hardaway's person in a public place. **Dickerson Aff., ¶ 11; Dix Aff., ¶ 11.** As Plaintiff cannot maintain a claim for malicious prosecution by showing malice or a lack of probable cause, Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request that this Court grant them summary judgment on all of Plaintiff's remaining claims, and award them their costs incurred in defending this action.

Respectfully submitted this 27th day of October, 2016.

> LAURA K. JOHNSON
> Deputy County Attorney
> Georgia Bar No. 392090
>
> KENDRIC E. SMITH
> Senior Assistant County Attorney
> Georgia Bar No. 661200
>
> /s/ Nikisha L. McDonald
> NIKISHA L. MCDONALD
> Assistant County Attorney
> Georgia Bar No. 489573

PLEASE ADDRESS ALL FUTURE
COMMUNICATIONS TO:

**Laura K. Johnson**
Deputy County Attorney
lkjohnson@dekalbcountyga.gov

**Kendric E. Smith**
Senior Assistant County Attorney
kesmith@dekalbcountyga.gov

**Nikisha L. McDonald**
Assistant County Attorney
nmcdonald@dekalbcountyga.gov

DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011
(404) 371-3024 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TREVOR HARDAWAY, <br><br> Plaintiff, <br><br> vs. <br><br> DEKALB COUNTY, JEFFREY L. MANN, SHERIFF, THOMAS E. BROWN, SHERIFF, DESHAY DIKCERSON, as a Deputy Sheriff with DeKalb County, in his official and individual capacities and CHARLES DIX, as a Deputy Sheriff with DeKalb County, in his official and individual capacities, <br><br> Defendants. <br> _____ | CIVIL ACTION FILE NO. <br><br> 1:15-CV-2806-ELR |

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed **BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

C. Victor Long, Esq.
P.O. Box 310928
Atlanta, GA 30331

This is to further certify that the foregoing document was prepared using 14 pt Times New Roman font.

2

This 27th day of October, 2016.

*s/ Nikisha L. McDonald*
NIKISHA L. MCDONALD
Assistant County Attorney
Georgia Bar No. 489573