IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TREVOR HARDAWAY,
    Plaintiffs,
Vs.

DEKALB COUNTY, JEFFREY L.
MANN, SHERIFF, THOMAS E.
BROWN, SHERIFF, DESHAY
DICKERSON, as a Deputy Sheriff
with DeKalb County, in his official
and individual capacities and
CHARLES DIX, as Deputy Sheriff
with DeKalb County, in his official
and individual capacities,
    Defendants.

CIVIL ACTION FILE NO:
1:15-CV-2806-ELR

## PLAINTIFF'S RESPONSES TO DEDENDANTS'

## STATEMENTS OF MATERIAL FACTS

Comes now Plaintiff, Trevor Hardaway, and pursuant to LR 56, responds to

Defendants' Statements\ of Material Facts and shows:

1.

On New Year's Eve going into the year 2013, around 1:30 a.m., Sgt. Dickerson

and Deputy Dix were at the QuikTrip (QT) Gas Station located at 3830 North

Decatur Road in DeKalb County. **Affidavit of Sgt. Dickerson at 5; Affidavit of**

**Deputy Dix at 6.**

1

Response

Plaintiff admits Defendants' allegations in article one.

2.

They both witnessed a male subject, later identified as Trevor Hardaway ("Mr. Hardaway"). Choking a female subject, later identified as K.C., inside a vehicle parked at gas pump #12. **Dickerson Aff., 6; Dix Aff., 7.**

Response

Plaintiff denies Defendants' allegations in article two and states that Defendants' Statements are false (*see* **Kristin Calhoun's trial testimony; June 24, 2014; transcript - at page 10, lines 1-25, page 11, lines 1-6).**

3.

Upon arriving at the vehicle, Mr. Hardaway had one arm around the head of K.C. and the other arm around her neck. **Dickerson Aff., 7; Dix Aff., 8**

**Response**

Plaintiff denies Defendants' allegations in article three and states that at no time did he have his arm around Ms. Calhoun's head or his hand around her neck. (*See* **Kristin Calhoun's ( trial testimony; June 24, 2014; transcript - at page 10, lines 1-25, pages 11, lines 1-6).**

2

4.

The victim appeared to be unconscious. **Dix Aff. 9**

**Response**

Plaintiff denies Defendants' allegations in article four and asserts that Defendants' statements are false. (*See* **Calhoun's trial testimony; June 24, 2014; transcript - at page 10, lines 2-6, page 11, lines 22-25, page 12, lines 1-7**).

5.

Deputy Dix attempted to get the attention of Mr. Hardaway by knocking on the driver's side window and asked for his identification. **Dickerson Aff., 8**

**Response**

Plaintiff admits Defendants' allegations set out in article five.

6.

Mr. Hardaway began to get agitated and defendants noticed blood coming from his mouth. **Dickerson Aff., 9; Dix aff., 9**

**Response**

Plaintiff denies Defendants' allegations set out in article six; (*see* **Calhoun's trial testimony; June 24, 2014; transcript - at page 14, line 19**).

7.

Mr. Hardaway attempted to get out of the vehicle, but was instructed to provide his driver's license**. Dickerson Aff., 10; Dix Aff., 10**

**Response**

Plaintiff admits Defendants' allegations set out in article seven.

8.

Mr. Hardaway was eventually allowed to exit the vehicle and defendants could both smell a strong odor of alcohol coming from his person. **Dickerson Aff., 11; Dix Aff., 11.**

**Response**

Plaintiff states that he had been drinking at the party, but can't confirm nor deny that Defendants' detected the odor of alcohol about his person.

9.

Mr. Hardaway began to approach Sgt. Dickerson while using vulgar and obscene language. **Dickerson Aff., 12; Dix Aff., 12.**

Plaintiff denies that he began to approach Defendants after he exited the car; and says instead, that once he got out of his car, Defendants approached him and

surrounded him such that his movement were so restricted such that he was effectively confined near his car. (**Hardaway aff. @_20)_**

10.

Sgt. Dickerson asked Mr. Hardaway about three or four times to step back, but Mr. Hardaway refused. **Dickerson Aff., 14; Dix Aff. @ 13)**

Plaintiff denies allegations set out in article ten and states that when he said to Defendants "Ya'll are always messing with people.", One of Defendants immediately grabbed him and threw him to the pavement; in the process, striking his head on the concrete, breaking his jaw in three places.  (**Plaintiff's Affidavit: pars. 21- 23).**

11.

Sgt. Dickerson attempted to place Mr. Hardaway in handcuffs, but Mr. Hardaway snatched away. (**Dickerson Aff.@ 14; Dix Aff.@ 14.)**

**Response**

Plaintiff denies either Defendant attempted to handcuff him before they threw him to the pavement; or that either Defendant told Plaintiff that he was being accused of committing a crime, nor that he was under arrest.

 (**Plaintiff's Affidavit: par. 23).**

5

12.

Deputy Dix Grabbed Mr. Hardaway by his right shirt sleeve and Mr. Hardaway began pulling away from Sgt. Dickerson and Deputy Dix. **Dickerson Aff., 15; Dix Aff., 15.**

**Response**

Plaintiff denies the allegations set out in article twelve.  (Plaintiff's Affidavit at **par. 23).**

13.

Mr. Hardaway and Sgt. Dickerson fell to the ground and Mr. Hardaway was secured in handcuffs. **Dickerson Aff., 16**

**Response**

Plaintiff denies the allegations set out in article thirteen. Plaintiff states that the Defendants slammed him to the concrete as soon as he got out his car. The defendant threw him to the ground and landed on top of him.

. **(Plaintiff's Affidavit at par. 23).**

14.

Emergency Medical Services ("EMS") was dispatched to treat Mr. Hardaway for injury to his face and mouth, but he was combative and refused treatment.

**Dickerson Aff., 17; Dix Aff., 17.**

**Response**

Plaintiff admits that EMS came to the scene and clean the blood from his face and then he was clear for jail.  He denies that he was combative with Defendants or the EMTs. **(Plaintiff's Affidavit at par. 25).**

15.

EMS cleared Mr. Hardaway to be transported to the DeKalb County Jail.

**Dickerson Aff., 18; Dix Aff., 18**

**Response**

Plaintiff admits the allegations set out in article fifteen.

16.

While waiting for EMS, a written statement was obtained from the victim, K.C., Whom Sgt. Dickerson understood to be in a relationship with Mr. Hardaway.

**Dickerson Aff., 19, Ex. A; Dix Aff. 20**

**Response**

Plaintiff states that he learned later that the Defendants had take a statement from Ms. Calhoun which did not tell the officers that I was choking her. The officer never had any information that the Plaintiff was choking Ms. Calhoun. Plaintiff admits that he and Ms. Calhoun was in a relationship at the time of the incident. (see Hardaway Aff. @33)

17.

Mr. Hardaway was arrested for: (1) Family Violence/Battery; (2) Obstruction of an Officer; and (3) Public [Drunkenness]. **Dickerson Aff., 20, Ex. B; Dix Aff., 21, Ex. A.**

**Response**

Plaintiff denies that he committed any of the named offense and that the Defendants had no evidence that he committed a battery against Ms. Calhoun (**See Ms. Calhoun statement given at the scene, Plaintiff exhibit 2**) Plaintiff further states that since the Officer never told him that he was charged with a crime and that he was under arrest he did not obstruct them. (**see the Defendants' Exhibits 1 and 2 their affidavit**) Finally, the Plaintiff states that he had been draining, but was in his vehicle. The only time he exited his vehicle and entered a public is when

8

the Defendants Ordered him to get out his car. The officers never seen him walking in parking area of the QT. *(**See Hardaway Aff. @_20**)

18.

Sgt. Dickerson transported Mr. Hardaway in the back of his vehicle**.**

**Dickerson Aff., 21**

**Response**

Plaintiff admits the allegations set out in article eighteen.

19.

Sgt. Dickerson ultimately obtained criminal arrest warrants from Magistrate Court for Family Violence/Battery, Obstruction of an Officer and Public [Drunkenness].

**Dickerson Aff., 22, Exhibits C, D, and E; Dix Aff., 22, Exhibits B, C and D.**

**Response**

Plaintiff  admits the allegations set out in article nineteen.

20.

Mr. Hardaway was arrested with probable cause and without malicious intent.
**Dickerson Aff., 23; Dix Aff., 23.**

**Response**

Plaintiff denies that these Defendants had *probable cause* to detain or to arrest him. The Defendants stated in their warrant affidavit that the **probable cause** for the Plaintiff's arrest was that the officers observed the Plaintiff **chocking** Ms, Calhoun. Ms. Calhoun gave a statement at the scene and that statement did not make any claims that the Plaintiff was choking her or harming her in any way. Knowing from the beginning that Ms. Calhoun had not been choke, these Defendants gave false information in their sworn affidavit to the Magistrate judge to obtain an arrest warrant for the Plaintiff for Family Violence/Battery. (**see the Defendants Family Violence warrant affidavit exhibit 3**.)

Plaintiff denies that his arrest was without malice. He believes that when the Defendant slammed him to the concrete after he said, "Ya'll are always messing **with people**", after he responded "**You are a smart ass**". The Plaintiff contends that at point he had no probable cause to use force again him or arrest him and it was a malicious act to slam him to the ground breaking his jaw in three places.

**(See Plaintiff's Aff. @_20))**

10

Respectfully Submitted

/s/C. Victor Long  
State Bar #456950  
For Plaintiff

P.O. Box 310928  
Atlanta, GA 30331  
Tel: (404) 349 – 4303  
Fax: (404) 399-6866  
attjud@bellsouth.net