IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TREVOR HARDAWAY,<br><br>     Plaintiff,<br><br>vs.<br><br>DEKALB COUNTY, JEFFREY L. MANN, SHERIFF, THOMAS E. BROWN, SHERIFF, DESHAY DIKCERSON, as a Deputy Sheriff with DeKalb County, in his official and individual capacities and CHARLES DIX, as a Deputy Sheriff with DeKalb County, in his official and individual capacities,<br><br>     Defendants.<br>_____ | CIVIL ACTION FILE NO.<br><br>1:15-CV-2806-ELR |

## REPLY BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants DeShay Dickerson ("Sgt. Dickerson") and Charles Dix ("Deputy Dix") (collectively referred to as "Defendants"), named defendants in the above-styled case[1], by and through their undersigned counsel, and file this Reply

---

[1] This Court dismissed all claims against Sheriff Thomas Brown, Sheriff Jeffrey Mann and DeKalb County in Orders entered on January 6, 2016 [Doc. 13] and January 14, 2016 [Doc. 15]. In the January 6, 2016 order, the Court also dismissed all claims Plaintiff had asserted against Defendants Dickerson and Dix in their official capacities. As such, the present motion addresses only the remaining claims, which are Plaintiff's individual capacity claims against Defendants Dickerson and Dix.

Brief in response to Plaintiff's Response to Defendants' Motion for Summary Judgment. Plaintiff has failed to meet his burden of showing the existence of a genuine issue of material fact as to his limited causes of action for §1983 malicious prosecution, intentional infliction of emotional distress and a state law claim for malicious prosecution, and as such, summary judgment is warranted in favor of the Defendants.

## ARGUMENT AND CITATION OF AUTHORITY

**I.   PLAINTIFF'S § 1983 MALICIOUS PROSECUTION (COUNT I) CLAIM AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES MUST BE DISMISSED BECAUSE THEY ARE ENTITLED TO QUALIFIED IMMUNITY.**

The Plaintiff argues that Defendants are not entitled to qualified immunity because (1) they did not mention that Plaintiff had committed a crime prior to his arrest; (2) Defendants did not inform Plaintiff why he was being placed under arrest; and (3) Ms. Calhoun told them that Plaintiff had done nothing to her. As was previously argued, "[t]o establish a federal malicious prosecution claim under [42 USC] § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler,* 323 F.3d 872, 881 (11th Cir.2003). The common law elements of a malicious prosecution claim under Georgia law are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with

2

malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." (Citations and footnote omitted.) *Id.* at 882; see also *Gooch v. Tudor,* 296 Ga. App. 414, 416 (2009).

In an action for malicious prosecution under § 1983, when an officer asserts qualified immunity, the issue is not whether reasonable suspicion existed in fact, but whether the officer had "arguable" reasonable suspicion to support an investigatory stop. *Jackson v. Sauls,* 206 F.3d 1156, 1165–66 (11th Cir.2000). Accordingly, courts must inquire whether reasonable officers in the same circumstances and possessing the same knowledge as the officers could have believed that probable cause existed to arrest the perpetrator. *See Von Stein v. Brescher,* 904 F.2d 572, 579 (11th Cir.1990).

In *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004), the district court granted qualified immunity to officers finding the facts of that case to be analogous to those set forth in *Post v. City of Fort Lauderdale,* 7 F.3d 1552 (11th Cir.1993). In *Post,* the Eleventh Circuit granted qualified immunity where government agents inspecting a restaurant made an improper arrest for a building code violation. *Id.* at 1558. The agents in *Post* claimed that they counted people in excess of the restaurant's maximum capacity, but in effect they erroneously counted employees who were not to be counted. The Eleventh Circuit held that a "mistaken

but reasonable count" was sufficient for the agents to establish arguable probable cause. *Id.* However, the agents in *Post* simply made a good faith mistake, whereas in *Kingsland*, on appeal, the Eleventh Circuit found that the officers' conduct created factual issues as to their honesty and credibility as the officers failed to conduct a proper investigation and blatantly fabricated facts in the arrest warrant. The grant of qualified immunity was reversed.

In this case and contrary to the officers in *Kingsland*, Defendants, even if they made a good faith mistake (which they adamantly deny), had arguable probable cause to arrest Plaintiff and are entitled to qualified immunity. Notably, Plaintiff never denies choking K.C., but does admit that he and K.C. were arguing at the QT gas station and that he reached around her waist and grabbed the door handle so she could not get out. **Affidavit of Trevor Hardaway at ¶ 10.** Plaintiff also admits that K.C. pushed against him trying to open the door. **Hardaway Aff. ¶ 11.** Even taking Plaintiff's allegations as true, a reasonable officer, in the same circumstances, having been told by a civilian to "go to Pump 12" and observing the interaction between Plaintiff and K.C., would have arguable probable cause to effect an arrest for Family Violence.

Plaintiff also admits that it was New Year's Eve and that he and K.C. had been drinking at a party. **Hardaway Aff. ¶ 5.** It stands to reason that Defendants had

4

arguable probable cause to arrest Plaintiff for Public Drunkenness once they encountered Plaintiff and smelled alcohol on his breath. Lastly, based on the evidence currently in the record (as there appear to be pages missing from Plaintiff's affidavit), there is no evidence contradicting Defendants' testimony that Plaintiff resisted arrest. Again, Defendants had arguable probable cause to effect an arrest for Obstruction.

Furthermore, to specifically address Plaintiff's contentions as stated above, Defendants state in their affidavits that they both witnessed Plaintiff choking K.C., that he appeared to be intoxicated, and that he became unruly and belligerent when they attempted to arrest him, thus proving that Plaintiff committed crimes prior to his arrest. Additionally, in the context of §1983 malicious prosecution, there is no explicit requirement that the Plaintiff be told that he is under arrest. Qualified immunity is based on the officer's belief that probable cause exists to effect an arrest. Lastly, Defendants make clear that they arrested Plaintiff based on their personal knowledge and interaction with Plaintiff. While there is no evidence that K.C.'s statement was a deciding factor in whether to arrest Plaintiff or not, she also never denies that Plaintiff had his arms around her neck. **K.C.'s Statement, attached to Plaintiff's Response.** Moreover, during the criminal trial, K.C. testified that at some point, Plaintiff's arm came around her neck as she was wiggling down trying to get

5

out of the car. **Trial Transcript 10:12-16.** K.C. further testified that she had no difficulty breathing, but Plaintiff's actions "could be described as choking." **Trial Transcript 10:25 – 11:6.**

While Defendants concede that Plaintiff's criminal trial concluded in his favor, there is no evidence that the prosecution of Plaintiff resulted in damages. Most importantly, when taking the totality of circumstances into account, any reasonable officer in a similar situation would have determined that arguable probable cause existed to arrest Plaintiff for Family Violence, Public Drunkenness and Obstruction. Accordingly, Defendants are entitled to qualified immunity and summary judgment is warranted as a matter of law.

## II. PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES FAIL BECAUSE THE DEFENDANTS ARE ENTITLED TO OFFICIAL IMMUNITY.

Plaintiff contends that Defendants are not entitled to official immunity on the claims of intentional infliction of emotional distress and malicious prosecution because they acted with malicious intent. It was previously argued that official immunity bars any claim against a public officer acting within the scope of lawful authority unless the public officer: (1) negligently performed a ministerial duty, or (2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty.  See, Ga. Const. of 1983, Art. I, Sec. 2, Par. IX (d); *Teston v.*

*Collins*, 217 Ga. App. 829 (1995). In this case, the evidence in the record clearly supports the conclusion that Defendants were acting within their discretionary function on the night in question. There is still, however, no evidence in the record that Defendants acted with actual malice or an actual intent to cause injury to Plaintiff. In response to Defendants' Motion for Summary Judgment, Plaintiff attempts to show "malice" by arguing that after he stated, "Police always messing with people", the (unidentified) the second officer said "You are a smart ass" and grabbed Plaintiff and slammed him into the ground. **Hardaway Aff. ¶ 20.** Even when taking Plaintiff's account of the facts as true, Defendants are still entitled to official immunity.

Malice has been defined as consisting in "personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured." OCGA § 51–7–2. *Selvy v. Morrison* is instructive on the element of malice in the context of official immunity. 292 Ga. App. 702 (2008). In *Selvy,* the plaintiff alleged that she was brutally assaulted when falsely arrested for disorderly conduct. Police officers had come to her home to arrest her fiancé. After they had done so, she demanded that they leave her house. She used profanity. The officers left and Selvy shut and locked the door. But then one of the officers yelled, "Fuck this shit, arrest that bitch too!" *Id*. at 702. The officer began banging on the door,

demanding she open it and threatening to break it down if she refused. *Id.* at 703. When she opened the door, one of the officers grabbed her arm, twisted it behind her back and slammed her face into the wall. *Id.* Another officer kicked her legs out from under her and, in the process, kicked her ten-year-old son in the mouth, causing him to bleed. Another officer then said to Selvy, "Look what you did to your kid, you stupid bitch." *Id.*

In affirming the trial court's grant of summary judgment to the officers, the Court of Appeals rejected Selvy's claim that the officers acted with actual malice. The Court held that in the context of official immunity, actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact. *Id.* at 704. Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others. A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs. Likewise, the phrase "actual intent to cause injury" has been defined in a tort context to mean an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury. This definition of intent contains aspects of malice, perhaps a wicked or evil motive.

Moreover, in *Tittle v. Corso*, 256 Ga. App. 859 (2002), the court held that for purposes of detainee's action against deputy sheriff for false imprisonment, aggravated assault, battery, intentional infliction of emotional distress, and trespass, the deputy sheriff's alleged threats, his use of profanity, and his having "slammed" the detainee on the hood of the patrol car were insufficient to show that he had acted with "actual malice" during his investigation, and thus the detainee was precluded from penetrating the deputy's official immunity

Here, even if one of the Defendants exclaimed "You are a smart ass", and slammed Plaintiff to the concrete, when relying on *Selvy* and *Tittle,* there is no evidence in the record that any Defendant had the requisite deliberate intention to do wrong or an intent to cause harm to Plaintiff. See also *Williams v. Fulton County School District*, 181 F. Supp. 3d 1089 (2016) (holding that malice requires something more than deliberate indifference). Moreover, closely reading Plaintiff's affidavit, there is no evidence in the record that Defendants were responsible for the alleged broken jaw. What is in the record is that Defendants witnessed Plaintiff with his hands on K.C., smelled alcohol on his breath, and observed him being belligerent and unruly. Given the absence of a malice and an intent to cause injury to Plaintiff, Defendants are entitled to official immunity on Plaintiff's state law claims: (1) Intentional Infliction of Emotional Distress; and (2) Malicious Prosecution.

## CONCLUSION

For the aforementioned reasons and for all reasons set forth in Defendants' initial Brief in Support of their Motion for Summary Judgment, Defendants respectfully request that this Court grant them summary judgment on all of Plaintiff's remaining claims, and award them their costs incurred in defending this action.

Respectfully submitted this 17th day of January, 2017.

LAURA K. JOHNSON
Deputy County Attorney
Georgia Bar No. 392090

KENDRIC E. SMITH
Supervising County Attorney
Georgia Bar No. 661200

/s/ Nikisha L. McDonald
NIKISHA L. MCDONALD
Senior Assistant County Attorney
Georgia Bar No. 489573

PLEASE ADDRESS ALL FUTURE
COMMUNICATIONS TO:

**Laura K. Johnson**
Deputy County Attorney
lkjohnson@dekalbcountyga.gov

**Kendric E. Smith**
Supervising County Attorney
kesmith@dekalbcountyga.gov

**Nikisha L. McDonald**
Senior Assistant County Attorney
nmcdonald@dekalbcountyga.gov

DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011
(404) 371-3024 (facsimile)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **TREVOR HARDAWAY,** | |
| Plaintiff, | |
| vs. | **CIVIL ACTION FILE NO.** |
| **DEKALB COUNTY, JEFFREY L. MANN, SHERIFF, THOMAS E. BROWN, SHERIFF, DESHAY DIKCERSON, as a Deputy Sheriff with DeKalb County, in his official and individual capacities and CHARLES DIX, as a Deputy Sheriff with DeKalb County, in his official and individual capacities,** | **1:15-CV-2806-ELR** |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, I electronically filed the **REPLY BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

2

C. Victor Long, Esq.
P.O. Box 310928
Atlanta, GA 30331

This is to further certify that the foregoing document was prepared using 14 pt Times New Roman font.

This 17th day of January, 2017.

*s/ Nikisha L. McDonald*
NIKISHA L. MCDONALD
Senior Assistant County Attorney
Georgia Bar No. 489573